UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61975-CIV-COHN/WHITE
(04-60196-CR-COHN/SNOW)

ASTOLFO RIASCES TORRES,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION
## ORDER DENYING MOTION OF OBJECTION

THIS CAUSE is before the Court upon Movant Astolfo Riasces Torres' Motion for Reconsideration of Final Order of Dismissal [DE 18] and Motion of Objection to the Report of Magistrate Judge [DE 16/17]. The Court has carefully considered the Motions and the underlying record in this action, and is otherwise fully advised in the premises.

On November 21, 2006, United States Magistrate Judge Patrick A. White issued a Report and Recommendation in the above-captioned case recommending that the Motion to Vacate pursuant to 28 U.S.C. § 2255 be denied [DE 13]. The underlying facts delineated in the Report and Recommendation are adopted and incorporated herein.

On December 18, 2006, after conducting a *de novo* review of the Report and Recommendation and the underlying record, the Court adopted the Report and Recommendation and dismissed the case. As of that date, the Court had not received objections to the Report and Recommendation. Thereafter, on December 21, 2006, the Court received objections from Torres. The notarized Certificate of Service indicates

that the Objections were sent on December 14, 2006 and include a statement by a prison official indicating that the Report and Recommendation was not received by Torres until the 4:00pm mail call on December 4, 2006.  Therefore, the Court finds that Torres' Objections were timely filed within ten days of his receipt of the Report and Recommendation and will consider the Objections on their merits herein as part of Torres' Motion for Reconsideration.[1]

Torres contends that his plea was not knowing and voluntary because his counsel provided him with improper information.  The Objections focus on Torres' allegations of ineffective assistance of counsel.  Torres states that he did not fully comprehend that he could be sentenced to the 108 months he received because his attorney informed him that by pleading guilty he would receive a sentence of approximately three years.  However, Torres admits that during the plea colloquy, he acknowledged, under oath, that he could receive up to life in prison.  Nonetheless, Torres now seeks a minor role reduction of two levels because the statements made during his plea colloquy allegedly did not reflect his actual state of mind or understanding of the potential consequences of entering a guilty plea.

"A guilty plea is open to attack on the ground that counsel did not provide the defendant with reasonably competent advice."  Cuyler v. Sullivan, 446 U.S. 335, 334 (1980).  "To be entitled to collateral relief, the accused must provide serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and

---

[1] Torres filed a duplicate copy of his Objections with his Motion for Reconsideration.  Therefore, docket entries 16 and 18 contain the same information and will be referred to collectively as Torres' Objections herein.

intelligent act." Downs-Morgan v. United States, 765 F.2d 1534, 1539 (11th Cir. 1985). Ineffective assistance of counsel claims are evaluated using the following two-part test: 1) whether the representation provided by the counsel for the accused "fell below an objective standard of reasonableness"; and 2) "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985); Betancourt v. Willis, 814 F.2d 1546, 1548 (11th Cir. 1987).

In this case, even if the Court were to determine that the representations made by Torres' counsel fell below an objective reasonableness standard, there is no indication from the record or the Motion to Vacate that Torres would not have pled guilty if he actually believed that he could be sentenced to more than three years. The Motion attempts to rehash the arguments made during sentencing as to why Torres should have received a minor role reduction. It does not seek to withdraw the guilty plea or allege how Torres was prejudiced by entering the guilty plea. Further, as indicated in his Objections, there is no doubt that Torres fully understood the potential of up to a life sentence. Finally, the cases cited by Torres in his Objections do not support his motion. Rather, they provide credence to the generally held principle that a Court can determine whether a plea is made knowingly and intentionally by following the procedures set forth in Federal Rule of Criminal Procedure 11, the procedures followed by the undersigned during the plea colloquy in this case. United States v. Stalder, 696 F.2d 59, 62 (8th Cir. 1982); United States v. Miller, 588 F.2d 1256 (9th Cir. 1978). Therefore, it is

**ORDERED AND ADJUDGED** that Movant Astolfo Riasces Torres' Motion for Reconsideration of Final Order of Dismissal [DE 18] is **DENIED** and Movant Astolfo Riasces Torres' Objections to the Report of Magistrate Judge [DE 16/17] are

**OVERRULED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of January, 2007.

JAMES I. COHN
United States District Judge

copies to:

Terry L. Lindsay, AUSA

Astolfo Riasces Torres, *Pro Se*
Reg. No. 71150-004
FCI
P.O. Box 2000
Fort Dix, NJ 08640